UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

WILLIAM VANDER PAS,

    Plaintiff,

v.                                      Case No. 21-CV-728

NIDEC INDUSTRIAL SOLUTIONS,

    Defendant.

**DECISION AND ORDER ON PLAINTIFF'S MOTION FOR RECONSIDERATION**

    Currently before me is William Vander Pas' motion for reconsideration of the Court's December 30, 2021 decision dismissing his complaint with prejudice. For the reasons explained below, Vander Pas' motion is granted and he will be allowed to file his amended complaint. However, as his amended complaint does not remedy the deficiency as to his Title VII claim for discrimination and retaliation based on religion, those claims are dismissed. Vander Pas will be allowed to proceed on his claims pursuant to the ADEA.

## BACKGROUND

    William Vander Pas, representing himself, sued his former employer, Nidec Industrial Solutions, for discrimination based on age in violation of the Age Discrimination in Employment Act of 1967 (ADEA), 29 U.S.C. §§ 621 to 634, for religious discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17 and relevant state law, and for retaliation for opposing religious and age discrimination. (Docket # 1.) Nidec moved to dismiss Vander Pas' complaint for failure to state a claim upon which relief may be granted pursuant to Fed. R. Civ. P. 12(b)(6) or alternatively, for failure to

exhaust administrative remedies with respect to his religious discrimination and retaliation claims. (Docket # 10.)

In an Order dated December 30, 2021, I granted Nidec's motion to dismiss, finding that Vander Pas' complaint was ambiguous as to whether he administratively exhausted his claim based on religious discrimination. (Docket # 17 at 5.) I further found that Vander Pas' complaint failed to state a claim as to his ADEA, Title VII, and state law claims. (*Id.* at 5–9.) However, Vander Pas was granted leave to file an amended complaint consistent with the decision. (*Id.* at 9–10.) The order required Vander Pas to file his amended complaint within fourteen days of the Order and he was warned that failure to file an amended complaint pursuant to the Order would result in dismissal of the action with prejudice. (*Id.* at 10.) On January 25, 2022, after finding that Vander Pas had failed to timely file an amended complaint consistent with the December 30, 2021 Order, I dismissed the complaint with prejudice. (Docket # 18.) Judgment was entered the same day. (Docket # 19.)

On February 3, 2022, Vander Pas filed a motion to reconsider the dismissal of his complaint with prejudice. (Docket # 20.) In his motion, Vander Pas states that he was out of town for ten days, with his mail being held between January 11, 2022 and January 21, 2022, so he did not receive the decision until January 21, 2022. (*Id.*; Docket # 20-1.) He states that he did not intentionally delay the process and attached an amended complaint to the motion. (Docket # 21.) Nidec opposes the motion. (Docket # 22.)

**ANALYSIS**

Although Vander Pas does not cite or explain under which rule he moves for reconsideration of dismissal of his case, I will construe his motion as filed under Fed. R. Civ. P. 60(b). Under Rule 60(b), a court may relieve a party from a final judgment under multiple

articulated circumstances. *See* Rule 60(b). "Relief from judgment under Rule 60(b) may be granted at the broad discretion of the trial judge." *Del Carmen v. Emerson Elec. Co., Com. Cam Div.*, 908 F.2d 158, 161 (7th Cir. 1990) (internal quotation and citation omitted). Relief from judgment under Rule 60(b), however, is warranted "only upon a showing of extraordinary circumstances that create a substantial danger that the underlying judgment was unjust." *Id.* (internal quotations and citations omitted).

Vander Pas' motion most closely falls under Rule 60(b)(1) for relief from judgment based on "mistake, inadvertence, surprise, or excusable neglect." *Id.* Vander Pas argues that he did not receive the December 30, 2021 decision until January 21, 2022 because his mail was held between January 11, 2022 and January 21, 2022 while he was out of town. (Docket # 20.) It is true that "carelessness or a lack of due care on the part of a litigant" generally does not provide a basis for relief under Rule 60(b), *see Williams v. Hatcher*, 890 F.2d 993, 996 (7th Cir. 1989), and one's "inability to receive mail [does] not relieve him of his obligation to monitor the court's docket and thereby respond promptly to the dismissal of his case," *see Harris v. Emanuele*, 826 F. App'x 567, 569 (7th Cir. 2020). In this case, however, upon learning of the dismissal of his case on January 21, 2022, Vander Pas promptly moved for reconsideration of the dismissal, filing his motion approximately one week later. (Docket # 20.) Given his *pro se* status and his prompt action to reopen the case upon learning of the dismissal, I will grant Vander Pas' motion for relief from judgment and reopen his case and permit him to file his proposed amended complaint.

Upon screening his amended complaint, Vander Pas now alleges discrimination and retaliation based on religion and age. (Docket # 21.) He no longer alleges any cause of action under state law. As to his Title VII discrimination and retaliation claims based on religion,

however, Vander Pas does not clarify whether he administratively exhausted this claim as required by the December 30, 2021 Order. Thus, I will dismiss the Title VII claims without prejudice for failure to exhaust.

As to his ADEA claims, however, I find that his amended complaint sufficiently states a claim for relief under the statute. As stated in the previous order, the ADEA makes it unlawful for a private employer to discriminate against an employee based on age. 29 U.S.C. § 623. The ADEA further prohibits discrimination against an employee for opposing practices made unlawful by the ADEA. 29 U.S.C. § 623(d). *See also E.E.O.C. v. Bd. of Governors of State Colleges & Universities*, 957 F.2d 424, 427 (7th Cir. 1992) ("Section 4(d) makes it unlawful for an employer to discriminate against an employee because he participated in an investigation, proceeding or litigation under the ADEA. Even though the explicit language in Section 4(d) prohibits 'discrimination,' this Court has referred to Section 4(d) claims as 'retaliation' claims.") To state a claim for discrimination on the basis of age, the plaintiff must show that he was subjected to intentional discrimination based on his age. He must show that: (1) he is a member of a protected class, (2) he was qualified for the job, (3) he was subjected to an adverse employment action, and (4) there was a connection between membership in a protected class and the adverse employment action. *Ptasznik v. St. Joseph Hosp.*, 464 F.3d 691, 696 (7th Cir. 2006).

Vander Pas provided his right to sue letter from the Wisconsin Equal Rights Division asserting discrimination and retaliation based on age. (Docket # 1-1.) Vander Pas indicates that he was born in 1962; thus, he is a member of a protected class (the ADEA protects those age 40 or over). 29 U.S.C. § 631(a). He alleges that he was qualified for his job, stating that he had "knocked the socks off [his] sales plan." (Docket # 21 at 2.) Vander Pas alleges that

4

Case 2:21-cv-00728-NJ   Filed 03/11/22   Page 4 of 5   Document 23

his immediate supervisor, Brian Winter, made comments and wisecracks about his age in front of his colleagues. (*Id.* at 3.) He alleges that during a sales meeting, Winter demanded to know his age and Vander Pas felt compelled to respond. (*Id.*) Vander Pas further alleges that he suffered an adverse employment action when Winter lowered his commission rates on some of his sales. (*Id.*) He alleges that he was harassed after complaining of the discrimination, and eventually felt forced to resign due to Nidec's actions. (*Id.* at 4–5.)

Liberally construing his amended complaint, as I must, I find that Vander Pas' amended complaint states a claim for discrimination and retaliation under the ADEA. The clerk's office will file Vander Pas' amended complaint and Nidec will have fourteen (14) days from the date of this Order to respond to the amended pleading, pursuant to Fed. R. Civ. P. 15(a)(3).

## ORDER

**NOW, THEREFORE, IT IS HEREBY ORDERED** that the Plaintiff's Motion for Reconsideration (Docket # 20) is **GRANTED**. Plaintiff can proceed on his claims pursuant to the ADEA. His claims pursuant to Title VII are dismissed.

Dated at Milwaukee, Wisconsin this 11th day of March, 2022.

BY THE COURT

_____
NANCY JOSEPH
United States Magistrate Judge